Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/08/2022 08:06 AM CST

- 700 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

Oscar Cajiao, appellant, v. Arga Transport,
Inc., employer, and United States
Fire Insurance Co., workers'
compensation insurance
carrier, appellees.

___ N.W.2d ___

Filed March 1, 2022.    No. A-21-384.

1. **Workers' Compensation: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2020), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. On appellate review, the factual findings made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong.

3. **Workers' Compensation: Judgments: Appeal and Error.** In testing the sufficiency of the evidence to support the findings of fact in a workers' compensation case, an appellate court considers the evidence in the light most favorable to the successful party, every controverted fact must be resolved in favor of the successful party, and the appellate court gives the successful party the benefit of every inference reasonably deducible from the evidence.

4. **Employer and Employee: Independent Contractor: Master and Servant.** Ordinarily, a person's status as an employee or an independent contractor is a question of fact; however, where the facts are not in dispute and where the inference is clear that there is, or is not, a master and servant relationship, the matter is a question of law.

5. **Employer and Employee: Independent Contractor.** There is no single test for determining whether one performs services for another as an

- 701 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

employee or as an independent contractor; rather, the following factors must be considered: (1) the extent of control which, by the agreement, the employer may exercise over the details of the work; (2) whether the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the one employed supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the one employed is engaged; (7) the method of payment, whether by the time or by the job; (8) whether the work is part of the regular business of the employer; (9) whether the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business.

6. ____: ____. The extent of control is the chief factor distinguishing an employment relationship from that of an independent contractor.

7. ____: ____. In examining the extent of a potential employer's control over the worker, it is important to distinguish control over the means and methods of the assignment from control over the end product of the work to be performed.

8. **Independent Contractor: Words and Phrases.** An independent contractor is one who, in the course of an independent occupation or employment, undertakes work subject to the will or control of the person for whom the work is done only as to the result of the work and not as to the means or methods used.

9. **Independent Contractor: Contracts.** Even the party contracting with an independent contractor may, without changing the status, exercise such control as is necessary to ensure performance of the contract in accordance with its terms.

10. **Workers' Compensation: Rules of Evidence.** As a general rule, the Nebraska Workers' Compensation Court is not bound by the usual common-law or statutory rules of evidence.

11. **Workers' Compensation: Evidence: Due Process: Appeal and Error.** Subject to the limits of constitutional due process, the admission of evidence is within the discretion of the Nebraska Workers' Compensation Court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion.

12. **Trial: Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

13. **Appeal and Error.** For an appellate court to consider an alleged error, a party must specifically assign and argue it.

- 702 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

Appeal from the Workers' Compensation Court: Thomas E. Stine, Judge. Affirmed.

James E. Harris and Britany S. Shotkoski, of Harris & Associates, P.C., L.L.O., for appellant.

Lindsey E. Mills, of Smith, Mills, Schrock & Blades, P.C., for appellees.

Pirtle, Chief Judge, and Riedmann and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Oscar Cajiao appeals the order of the Nebraska Workers' Compensation Court, which rejected his claim that he was an employee of Arga Transport, Inc. (Arga), determining instead that he was an independent contractor and therefore not entitled to any workers' compensation benefits. Finding no error by the compensation court, we affirm.

## BACKGROUND

Cajiao was injured in a motor vehicle accident that occurred on November 2, 2017, while he was driving a semi-tractor trailer leased by Arga. Cajiao alleged that he was an employee of Arga and entitled to workers' compensation benefits for his injuries. Arga claimed that Cajiao was an independent contractor at the time of the accident and therefore not entitled to benefits.

Cajiao filed a petition in the compensation court in October 2019, and trial was held in April 2021. The parties stipulated that the accident occurred on November 2, 2017, in York County, Nebraska, and that Cajiao gave timely notice of his injury to Arga and its insurer. The issue at trial was whether Cajiao was an employee of Arga.

Cajiao's video deposition was received into evidence at trial. He testified that he previously owned his own semi-tractor and used it in his business as an over-the-road truckdriver. To acquire work, he would search online trucking broker

- 703 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

companies to find loads that were convenient for him to haul. The companies that needed freight hauled provided the details of the job, including the pickup and delivery locations, the number of miles between locations, and the weight of the load. Once the delivery was complete, Cajiao would send a bill of lading to the company and it would send him payment.

Cajiao sold his truck in approximately 2010 but continued working as a truckdriver. He continued to use the same search and application process to find loads to haul, and the companies would provide a truck for him to use to complete their delivery. After he finished hauling a load, he, again, would submit a bill of lading to the company and await payment. When the companies provided a truck for him to drive, the truck displayed the name of the company on it, because, as he explained, "[t]hat's the law."

Cajiao explained that while he drove for one company, he could not drive for another company, but that he could, and did, move back and forth among companies at any time. He worked for many companies in the 15 years prior to the accident, including Arga. In the 6 months prior to the accident, however, he was driving loads for only Arga. He was paid by the mile for Arga, and if he did not drive any miles, he did not get paid. He did not receive any other compensation or benefits from Arga, except a yearend bonus that was entirely "up to them."

The compensation court entered a written order after trial. It recognized that Cajiao sustained injuries in an accident on November 2, 2017, while driving a semi-tractor trailer leased by Arga and that the issue before it was whether Cajiao was an employee of Arga. After applying the applicable law to its factual findings, the court determined that Cajiao was an independent contractor and dismissed his petition. Cajiao timely appeals.

## ASSIGNMENTS OF ERROR

Cajiao assigns, summarized and consolidated, that the compensation court erred in (1) finding him to be an independent

- 704 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

contractor and failing to award workers' compensation benefits, (2) admitting affidavits of witnesses over his objection, and (3) failing to issue a reasoned decision under Workers' Comp. Ct. R. of Proc. 11 (2021).

## STANDARD OF REVIEW

[1] Pursuant to Neb. Rev. Stat. § 48-185 (Cum. Supp. 2020), an appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Aboytes-Mosqueda v. LFA Inc.*, 306 Neb. 277, 944 N.W.2d 765 (2020).

[2,3] On appellate review, the factual findings made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id*. In testing the sufficiency of the evidence to support the findings of fact in a workers' compensation case, an appellate court considers the evidence in the light most favorable to the successful party, every controverted fact must be resolved in favor of the successful party, and the appellate court gives the successful party the benefit of every inference reasonably deducible from the evidence. *Id*.

## ANALYSIS

Cajiao asserts that the compensation court erred in determining that he was an independent contractor of Arga rather than its employee. We disagree.

[4] A person's status as an employee or an independent contractor is a question of fact; however, where the facts are not in dispute and where the inference is clear that there is, or is not, a master and servant relationship, the matter is a question of law. *Aboytes-Mosqueda v. LFA Inc., supra*.

- 705 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

[5] There is no single test for determining whether one performs services for another as an employee or as an independent contractor; rather, the following factors must be considered: (1) the extent of control which, by the agreement, the employer may exercise over the details of the work; (2) whether the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the one employed supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the one employed is engaged; (7) the method of payment, whether by the time or by the job; (8) whether the work is part of the regular business of the employer; (9) whether the parties believe they are creating an agency relationship; and (10) whether the employer is or is not in business. *Id*.

[6-9] The extent of control is the chief factor distinguishing an employment relationship from that of an independent contractor. *Sparks v. M&D Trucking*, 301 Neb. 977, 921 N.W.2d 110 (2018). In examining the extent of the potential employer's control over the worker in this context, it is important to distinguish control over the means and methods of the assignment from control over the end product of the work to be performed. *Id*. An independent contractor is one who, in the course of an independent occupation or employment, undertakes work subject to the will or control of the person for whom the work is done only as to the result of the work and not as to the means or methods used. *Id*. Even the party contracting with an independent contractor may, without changing the status, exercise such control as is necessary to assure performance of the contract in accordance with its terms. *Id*.

In arguing that Arga exerted control over him, Cajiao relies heavily upon the fact that he had to abide by federal regulations related to trucking and interstate commerce. As

- 706 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

the compensation court found, however, Cajiao would have been required to follow all state and federal laws whether he was an employee or an independent contractor. The Nebraska Supreme Court has also recognized this fact, observing that compliance with then-existing Interstate Commerce Commission regulations would be required whether or not the plaintiff's status was that of employee or independent contractor. See *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 286 N.W.2d 420 (1979).

Cajiao also asserts that because the lease agreement between Arga and its lessor provided that Arga shall have exclusive possession, control, and use of the equipment and shall assume responsibility for the operation of the equipment, we must find that he was an employee of Arga. He also correctly recognizes that 49 C.F.R. § 376.12(c)(1) (2017), part of the Federal Motor Carrier Safety Regulations, mandates this language. The Supreme Court has likewise recognized that § 376.12 and 49 C.F.R. § 376.22 (2020) require that a lease contain the following provisions: provide the lessee exclusive possession, control, and use of the equipment for the duration of the lease and provide that the lessee shall assume complete responsibility for the operation of the equipment for the duration of the lease; clearly specify the legal obligation of the lessee to maintain insurance coverage for the protection of the public; and provide that control and responsibility for the operation of the equipment shall be that of the lessee from the time possession is taken until possession is returned. See *Sparks v. M&D Trucking, supra*.

However, federal regulations, and compliance therewith, do not determine whether an employer-employee relationship exists. See *Choto v. Consolidated Lumber Transport*, 82 A.D.3d 1369, 1370, 918 N.Y.S.2d 268, 270 (2011) (stating federally regulated requirement that lessee have "'exclusive possession, control, and use of the equipment for the duration of the lease'" is not dispositive of employee-employer relationship). In fact, § 376.12(c)(4) provides that "[n]othing

- 707 -

Nebraska Court of Appeals Advance Sheets
30 Nebraska Appellate Reports
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

in the provisions required by paragraph (c)(1) of this section is intended to affect whether the lessor or driver provided by the lessor is an independent contractor or an employee of the authorized carrier lessee." Although Cajiao was not provided as a driver by the lessor, this provision rebuts Cajiao's argument that the exclusive control, possession, and supervision provision in the lease mandates a finding of an employer-employee relationship. The exclusive control, possession, and supervision provision is required to be in every lease that an authorized carrier enters into for equipment, including ones in which the driver is also leased, yet § 376.12(c)(4) specifically states such a requirement does not control the determination of the parties' relationship.

The pertinent question, therefore, is the degree of control Arga exercised over the method and manner of performing the work. See *Omaha World-Herald v. Dernier*, 253 Neb. 215, 570 N.W.2d 508 (1997) (degree of control which plaintiff exercised over method and manner of performing work was greater than that exercised by defendant). In affirming the trial court's determination that the plaintiff in *Omaha World-Herald v. Dernier, supra*, was an independent contractor distributing newspapers, the Supreme Court observed that the defendant exercised no control over the plaintiff's actual operation of the vehicle which he used to transport newspapers or the route he traveled in servicing his territory.

The Supreme Court relied on similar facts in *Stephens v. Celeryvale Transport, Inc.*, 205 Neb. 12, 286 N.W.2d 420 (1979), to reach its conclusion that the plaintiff truckdriver was an independent contractor. It noted that the defendant exercised no control over the actual operation of the truck, nor precise routes to be traveled, and that in fact, at the time the accident occurred, the plaintiff was operating on a route that he selected.

Similarly, as the compensation court determined here, although Arga may have exercised control over the result of the work, the evidence did not support a finding that it

- 708 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

exercised control over the actual operation of the truck or the manner in which Cajiao completed the delivery. Arga scheduled the pickup and dropoff locations as well as the delivery time; otherwise, Cajiao had the ability to accept the loads he wanted, take days off as he wanted, and select the route to travel. The evidence did not suggest that Arga controlled the actual operation of the truck Cajiao used to complete the delivery, only that it mandated the delivery location and time. Thus, the evidence indicates that Arga had control over the result of the work but not as to the means or methods used.

Other factors also support a finding that Cajiao was an independent contractor rather than an employee of Arga. Cajiao was engaged in a distinct occupation or business. See *Kime v. Hobbs*, 252 Neb. 407, 562 N.W.2d 705 (1997) (finding truckdriver was engaged in distinct occupation).

A commercial driver's license is required to perform the work that Cajiao did, and he worked as a semi-tractor driver for at least 15 years prior to the accident. Thus, the compensation court concluded that it took specialized skill to drive a semi-tractor, a factual finding that is not clearly wrong and supports a finding that Cajiao was an independent contractor.

The court also determined that the length of time for which Cajiao was engaged tended to show that he was not an employee. It recognized that Cajiao had driven for various companies over the years and that he tended to move back and forth among them as he saw fit. He was able to discontinue his work for one company at any time in order to perform work for another company. Prior to the accident, he had worked exclusively for Arga for just 6 months. This factor, therefore, favors a finding that he was an independent contractor.

Furthermore, Cajiao was paid via "Form 1099-MISC" instead of a W-2 wage and tax statement, did not receive any other compensation or benefits from Arga other than a discretionary bonus, and was paid per mile rather than a set salary. He did not get paid if he did not work. Employees are normally compensated by the hour, and independent contractors are

- 709 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

compensated by the job. See *Stephens v. Celeryvale Transport, Inc., supra*.

Considering all of the above, we conclude that the compensation court did not err in determining that Cajiao was an independent contractor rather than an employee of Arga.

*Affidavits.*

Cajiao assigns that the compensation court abused its discretion in admitting certain affidavits into evidence over his objection. At trial, Arga offered into evidence affidavits of two of its managers. Cajiao objected on the grounds of foundation, hearsay, relevance, undue prejudice, and speculation. The court overruled the objections. In its final order, however, the compensation court found the testimony contained in the affidavits to be "underwhelming and unpersuasive." It therefore rejected the testimonies in their entirety and did not rely on them to reach its decision.

[10,11] As a general rule, the compensation court is not bound by the usual common-law or statutory rules of evidence. *Zwiener v. Becton Dickinson-East*, 285 Neb. 735, 829 N.W.2d 113 (2013). Subject to the limits of constitutional due process, the admission of evidence is within the discretion of the compensation court, whose determination in this regard will not be reversed upon appeal absent an abuse of discretion. *Id*.

[12] In the context of a workers' compensation case, the Supreme Court has recognized that in a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party. See *Tchikobava v. Albatross Express*, 293 Neb. 223, 876 N.W.2d 610 (2016). Thus, because the compensation court rejected the evidence included in the affidavits and did not rely on it to reach its decision, we need not decide the issue of the admissibility of these exhibits, because any admission would, on these facts, have been harmless. See *Wynne v. Menard, Inc.*, 299 Neb. 710, 910 N.W.2d 96 (2018).

- 710 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
30 NEBRASKA APPELLATE REPORTS
CAJIAO v. ARGA TRANSPORT
Cite as 30 Neb. App. 700

*Reasoned Decision.*

[13] In his final assigned error, Cajiao assigns that the compensation court erred in failing to provide a reasoned decision under rule 11 of the compensation court rules. He did not argue this error in his brief, however. For an appellate court to consider an alleged error, a party must specifically assign and argue it. *Armstrong v. State*, 290 Neb. 205, 859 N.W.2d 541 (2015). Because he did not do so, we do not address this issue.

## CONCLUSION

The compensation court did not err in determining that Cajiao was an independent contractor rather than an employee of Arga. We do not address whether the court erred in its evidentiary ruling or if it failed to issue a reasoned decision under rule 11. We therefore affirm the court's order.

AFFIRMED.